UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS ANDRES JUAREZ PEREA,

Petitioner,

v. Case No.: 2:26-cv-02758-SPC-KRH

MARKWAYNE MULLIN *et al.*,

Respondents.

______________________________/

**OPINION AND ORDER**

Before the Court is Carlos Andres Juarez Perea's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Juarez Perea's reply (Doc. 6).

Juarez Perea is a native and citizen of Honduras who entered the United States in August 2005, when he was six years old. He was granted Deferred Action for Childhood Arrivals (DACA) in 2014, and he renewed it every two years. Juarez Perea filed his latest renewal on January 4, 2026, but U.S. Citizenship and Immigration Services (USCIS) did not process it before his DACA status expired on July 4, 2026. Juarez Perea maintains steady employment, files federal income tax returns, complies with all reporting and biometric immigration requirements, and has no serious criminal history. He

is engaged to marry a U.S. citizen, who gave birth to their child on August 4, 2026.

On August 21, 2026, Florida Highway Patrol arrested Juarez Perea because of his immigration status and handed him over to Customs and Border Protection (CBP). A CBP officer issued an I-200 Warrant for Arrest of Alien later that day. The government did not commence removal proceedings until August 24, 2026, when it issued a notice to appear. On September 8, 2026, USCIS completed the Catch-22 by rejecting Juarez Perea's DACA renewal solely because he was in immigration detention.

In his habeas petition, Juarez Perea argues his detention violates the Due Process Clause of the Fifth Amendment. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The Court finds a clear Fifth Amendment violation here because the government did not afford Juarez Perea the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).[1] A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. An alien arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

The government violated Juarez Perea's right to due process by arresting and detaining him without a warrant and before he was in removal proceedings. "ICE does not have free-ranging ability to arrest and detain

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim such probable cause existed here.

people, and figure out the reasons later, like they apparently did here." *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025)

Accordingly, it is hereby

**ORDERED**:

Carlos Andres Juarez Perea's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Juarez Perea within 24 hours of this Order and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 22, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record